**Barry Dean LOVE, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 07–81–0105–CR.**

Court of Appeals of Texas,
Amarillo.

Oct. 18, 1982.

Discretionary Review Refused
Jan. 26, 1983.

John T. White, Borger, for appellant.

Stephen F. Cross, Dist. Atty., Greg Norris, Asst. Dist. Atty., Borger, for appellee.

Before REYNOLDS, C.J., and DODSON and COUNTISS, JJ.

COUNTISS, Justice.

Appellant was convicted by a jury of indecency with a child, Tex.Penal Code Ann. § 21.11 (Vernon Supp.1981) and sentenced to serve two years in the penitentiary and pay a $5,000.00 fine. He attacks the conviction by eleven grounds of error. We affirm.

■ We will first dispose of grounds of error one through six and nine through eleven. On September 4, 1981, appellant filed with this court a brief that contained a short statement of the case and eleven grounds of error. Because the grounds of error were not supported by argument or authorities, the State moved to strike the brief. This court, in an unpublished per curiam opinion, denied the State's motion to strike but ordered appellant to file a supplemental brief in compliance with Tex.Code Crim.Pro.Ann. art. 40.09, subd. 9 (Vernon Supp.1981). In response to our order, appellant filed a supplemental brief that restated his eleven grounds of error but presented argument and authorities in support of grounds seven and eight only. The other nine grounds of error remain unsupported by argument or authorities.

■ The Court of Criminal Appeals has frequently held that a ground of error unsupported by argument or authorities is not in compliance with Tex.Code Crim.Pro.Ann. art. 40.09, subd. 9 (Vernon Supp.1981) and presents nothing for review. *McWherter v. State,* 607 S.W.2d 531, 536 (Tex.Cr.App. 1980); *Woods v. State,* 569 S.W.2d 901, 905 (Tex.Cr.App.1978); *Roberson v. State,* 513 S.W.2d 572, 576–577 (Tex.Cr.App.1974). An appellate court is not required to interpret an unsupported ground of error, search the record to determine if it was preserved for review and research the possible issues without any reference by counsel to pertinent authorities. Likewise, the State is not required to speculate on the possible issues raised by the ground and attempt to construct a reply to a non-existent argument. We must presume that an appellant waives for lack of merit any ground of error that is not supported by argument or authorities. Therefore, grounds of error one, two, three, four, five, six, nine, ten and eleven will not be considered.

■ By ground of error seven, appellant contends the trial court erred in failing to grant his request for a separate instruction to the jury on appellant's intent to arouse and gratify his sexual desires. The ground is without merit for several reasons. Initially, we observe that the requested instruction was not in writing or dictated to the court reporter in compliance with Tex. Code Crim.Pro.Ann. art. 36.15 (Vernon Supp.1981). Being unwritten, it obviously could not be certified by the trial judge or filed with the papers in the cause as required by Tex.Code Crim.Pro.Ann. art. 36.-17 (Vernon 1981). Appellant was required to comply with the foregoing articles in order to preserve the alleged error. *See Reeves v. State,* 516 S.W.2d 410, 414 (Tex. Cr.App.1974).

We also observe that the trial court gave the specific instruction requested by appellant when, applying the law to the evidence, it instructed the jury to determine whether appellant committed the act in question "with the intent to arouse and gratify the sexual desire of the said Barry Dean Love." Ground of error seven is overruled.

■ By ground of error eight, appellant contends the trial court erred in overruling his motion for mistrial when the State, during closing arguments at the punishment stage, made a direct comment to the jury on appellant's failure to testify. The argument in question, and appellant's objection are as follows:

[STATE'S COUNSEL]: You know, we've heard a lot about the Defendant in

this case, about his circumstances. What do we really know about him? He didn't point out any circumstances. The Defendant didn't point out any circumstances, or any individual circumstances. Mr. Cross pointed out to you that he's a wife beater. He's a child molester. He didn't have a job. He depended on his wife to bring home a salary. That's what you know about him. Do you know anything else about him? That's it, and we put that evidence on. Even his own mother couldn't say anything good about him. What kind of person is he? You know that, because you've heard the evidence up here.

Now, I think it's about time that we think about the rights of the victim as opposed to the rights of the Defendant. Let's don't think—

MR. WHITE [DEFENDANT'S COUNSEL]: Your Honor, may we approach the bench?

THE COURT: Yes.

(THEREUPON COUNSEL AND THE COURT REPORTER APPROACHED THE BENCH, AND THE FOLLOWING PROCEEDINGS OCCURRED IN THE PRESENCE OF BUT PRESUMABLY OUT OF THE HEARING OF THE JURY.)

MR. WHITE: The Court knows full well the severe limitations that we were under with regard to with direct examination—examination of the mother in this thing. I move for a mistrial at this point.

THE COURT: Overruled.

MR. WHITE: Did you get all that down? Thank you.

■ This ground is also without merit for several reasons. Appellant neither objected to the argument nor requested an instruction to the jury to disregard it, thus denying the trial court an opportunity to cure any error. *See Koller v. State,* 518 S.W.2d 373, 375, fn. 2 (Tex.Cr.App.1975); *Duran v. State,* 505 S.W.2d 863 (Tex.Cr.App.1974). If, however, we construe the motion for mistrial as an objection, it does not preserve error because we are unable to ascertain

what appellant was objecting to. *Miller v. State,* 566 S.W.2d 614, 621 (Tex.Cr.App. 1978). In any event, and regardless of the form or intent of, or basis for, the motion, it cannot be construed as an objection to a comment on appellant's failure to testify. Thus, appellant is impermissibly attempting to demonstrate error in this court on a basis different than that urged in the trial court. *Bouchillon v. State,* 540 S.W.2d 319, 322, 323 (Tex.Cr.App.1976). For all of the foregoing reasons, ground of error eight is overruled.

The judgment of the trial court is affirmed.