**Louise Marie ARMSTRONG, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 63110.**

Court of Criminal Appeals of Texas, Panel No. 1.

July 20, 1983.

Roark M. Reed, Danny D. Burns, Dallas, for appellant.

Henry Wade, Dist. Atty. and Jeffrey B. Keck & Barry Sorrells, Asst. Dist. Attys., Dallas, Robert Huttash, State's Atty. and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before TOM G. DAVIS and W.C. DAVIS, JJ.

## OPINION

W.C. DAVIS, Judge.

Appellant was convicted of carrying a handgun. The jury assessed punishment at one year's confinement, probated.

Appellant now contends the court erred in refusing to submit the defense of necessity for consideration by the jury.

Appellant had testified that she had been raped two weeks before the offense by a man who threatened her with death if she reported the rape, that she had seen the rapist one week before the offense and turned him in to the police with the aid of the weapon she kept at her home, that the rapist made bail, that he subsequently intimidated appellant's mother, that appellant moved from her lodgings to avoid the rapist, and that, on the day of the offense, she was in great fear of the rapist and believed that carrying the weapon was immediately necessary to avoid imminent harm to her person.

V.T.C.A., Penal Code, § 9.22 provides: "Conduct is justified if:

(1) the actor reasonably believes the conduct is immediately necessary to avoid imminent harm;

(2) the desirability and urgency of avoiding the harm clearly outweigh, according to ordinary standards of reasonableness, the harm sought to be prevented by the law prescribing the conduct; and

(3) a legislative purpose to exclude the justification claimed for the conduct does not otherwise plainly appear."

The State contends that V.T.C.A., Penal Code, § 46.02, which prohibits carrying handguns, plainly shows a legislative purpose to exclude the necessity defense, and points to *Roy v. State,* 552 S.W.2d 827, 832 (Tex.Cr.App.1977) in support of its contention. But *Roy* held only that necessity could not be established by proof of generalized fear of crime or a "high-crime area", and is clearly distinguishable from the instant case.

It should have been for the *jury* to determine whether to believe appellant's testimony, and, if the testimony was believed, whether the circumstances testified to meet the criteria of § 9.22. We decline to hold that, *as a matter of law,* specific threats by a specific person who has committed violent acts directed against the threatened person cannot raise the defense of necessity if the person so threatened is then charged with carrying a weapon which she believes to have been necessary, in the circumstances, to her defense. *See* and *cf, Banks v. State* (No. 066–82, delivered June 15, 1983), in which the right to go armed to seek an explanation was held still viable.

The court erred in failing to charge the jury on the defense of necessity.

The judgment is reversed and remanded.