Frank William JAMES, Appellant,

v.

The STATE of Texas, Appellee.

No. 05–88–01197–CR.

Court of Appeals of Texas, Dallas.

July 13, 1989.

Discretionary Review Refused Nov. 1, 1989.

Robert M. Jones, Dallas, for appellant.

Carolyn Fitzgerald, Dallas, for appellee.

Before STEWART, BAKER and WHITTINGTON, JJ.

BAKER, Justice.

A jury convicted appellant of robbery and assessed a life sentence. In one point of error, he contends that the trial court erred by failing to submit the lesser included offense of theft in the jury charge. We overrule this point and affirm the trial court's judgment.

The State contends that appellant has waived the right to raise this complaint. We must consider the State's waiver argument before we reach appellant's point of error. The State notes that article 36.15 of the Texas Code of Criminal Procedure provides that requested instructions must be in writing. This requirement is met if requested instructions are dictated to the court reporter in the presence of the court and the State's counsel before the court's charge is read to the jury. *See* TEX.CODE CRIM.PROC.ANN. art. 36.15 (Vernon Supp.1989). At trial, appellant objected to the charge "on the basis that it fails to include the lesser included offense of theft and we ask that the Court include the lesser included offense of theft in the charge with the corresponding instruction with reference to theft as compared to robbery." The trial court overruled the objection. This objection was transcribed by the court reporter and is contained in the statement of facts. However, appellant did not submit a requested instruction to be included in the charge. The State argues that appellant waived any error by failing to do so.

The State's waiver argument ignores article 36.14 of the Code of Criminal Procedure. In pertinent part, that article provides:

Before said charge is read to the jury, the defendant or his counsel shall have a reasonable time to examine the same and he shall present his objections thereto in writing, distinctly specifying each ground of objection. Said objections may embody errors claimed to have been committed in the charge, as well as errors claimed to have been committed by omissions therefrom or in failing to charge upon issues arising from the facts, *and in no event shall it be necessary for the defendant or his counsel to present special requested charges to preserve or maintain any error assigned to the charge, as herein provided.* The requirement that the objections to the court's charge be in writing will be complied with if the objections are dictated to the court reporter in the presence of the court and the state's counsel, before the reading of the court's charge to the jury. Compliance with the provisions of this Article is all that is necessary to preserve, for review, the exceptions and objections presented to the charge and any amendment or modification thereof.

TEX.CODE CRIM.PROC.ANN. art. 36.14 (Vernon Supp.1989) (emphasis added). Under this article, a defendant is not required to present special requested instructions in order to preserve alleged errors in a charge that have been objected to in writing. Although it may appear that articles 36.14 and 36.15 are in conflict, we conclude that they can be reconciled.

■ There are numerous cases citing both articles and stating that the alleged errors in jury charges are waived if there is no objection *or* requested instruction. *See, e.g., Williams v. State,* 622 S.W.2d 116, 120 (Tex.Crim.App.1981), *cert. denied,* 455 U.S. 1008, 102 S.Ct. 1646, 71 L.Ed.2d 876 (1982); *Manry v. State,* 621 S.W.2d 619, 623 (Tex. Crim.App.1981). There are also cases stating that an objection is unnecessary when a requested instruction is submitted that is sufficient to apprise the court of an alleged error or omission in the charge. *See, e.g., Stiles v. State,* 520 S.W.2d 894, 896–97 (Tex.Crim.App.1975); *Sledge v. State,* 507 S.W.2d 726, 730 (Tex.Crim.App.1974). Based on the provisions of both articles 36.14 and 36.15 and the cases cited above, we conclude that a defendant may preserve alleged error in a jury charge by *either* written objection or written requested instruction. A defendant is not required to do both. A dictated objection to a jury charge is sufficient to preserve alleged error for review without submission of a requested instruction. *See Heard v. State,* 701 S.W.2d 298, 299 (Tex.App.—Houston [14th Dist.] 1985, pet. ref'd). The cases relied on by the State simply say that if the defendant submits requested instructions, he must comply with article 36.15 in order to preserve alleged error. *See Black v. State,* 503 S.W.2d 554, 556 (Tex.Crim.App. 1974); *Love v. State,* 646 S.W.2d 487, 488 (Tex.App.—Amarillo 1982, pet. ref'd). We reject the State's waiver argument.

■ In his point of error, appellant notes that the elements of the offense of robbery as charged in this case include the assertions that he "intentionally or knowingly threaten[ed] or place[d] another in fear of imminent bodily injury or death" while in the course of committing theft. *See* TEX.

PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989). Relying on *Chamberlin v. State,* 704 S.W.2d 801 (Tex.App.—Dallas 1985, no pet.), appellant argues that evidence introduced by the State suggests that if he was guilty, he was guilty of only the lesser included offense of theft and entitled to a charge on the lesser included offense. Specifically, appellant insists that the State's evidence gives rise to the question of whether he knowingly or intentionally threatened or placed the complaining witness in fear of imminent bodily injury or death. Appellant therefore contends that the trial court erred by refusing to include an instruction on the lesser included offense of theft.

■ In determining whether a charge on a lesser included offense is required, a two-step analysis is employed. Before such a charge is mandated, (1) the lesser included offense must be included within the proof necessary to establish the charged offense, and (2) there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *See Royster v. State,* 622 S.W.2d 442, 446 (Tex. Crim.App.1981) (op. on reh'g). Theft is a lesser included offense within the proof necessary to establish robbery as charged in this case. *See* TEX.PENAL CODE ANN. § 29.02(a)(2) (Vernon 1989).

The evidence showed that George Taraba, the complaining witness, observed a pickup truck backed up to his trailer. Two men were hooking the trailer up to the truck. Taraba yelled at the men, and they got in the truck. Taraba ran out into the yard, and the two men came right at him in the truck so that he had to run into a warehouse to avoid being hit. The two men then turned the truck and went out a gate. Taraba stated that the man driving the truck could have gone in a straight line to the gate without coming at him. He stated that he would have been hit had he not moved, and that he was afraid that he would have received some kind of bodily injury. Taraba identified appellant as the truck driver.

In arguing that this evidence raises a question of whether he knowingly or inten-

tionally threatened or placed Taraba in fear of imminent bodily injury, appellant suggests that the line from where the truck was parked to the gate came right by where Taraba was standing. In our view, appellant mischaracterizes the evidence. The evidence was that the driver could have left without approaching Taraba. The record establishes that the State's evidence does not suggest that appellant was guilty only of theft.

 The testimony of defense witnesses was that appellant was not involved and that someone else committed the offense. In a case where the State's evidence indicates that the defendant is guilty as charged and the defensive evidence indicates that he is not guilty of any offense, the defendant is not entitled to a charge on any lesser included offense. *See Eldred v. State*, 578 S.W.2d 721, 723–24 (Tex.Crim. App.1979). Appellant was not entitled to a jury charge on the lesser included offense of theft. We overrule his point of error and affirm the trial court's judgment.