BRASSARD V. STATE 






NO. 10-89-257-CR

IN THE
COURT OF APPEALS
FOR THE
TENTH DISTRICT OF TEXAS
AT WACO

* * * * * * * * * * * * *

          DANIEL BRASSARD,
                                                                                            Appellant
          v.

          THE STATE OF TEXAS,
                                                                                            Appellee

* * * * * * * * * * * * *

 From the 54th Judicial District Court
McLennan County, Texas
Trial Court # 89-496-C

* * * * * * * * * * * * *

O P I N I O N

* * * * * * *
          Appellant was found guilty by a jury of the felony offense possession of a controlled
substance, specifically Lysergic Acid Diethylamide (LSD). See Tex. Health & Safety Code
Ann. § 481.115(a), (b) (Vernon 1991). He now appeals and we will affirm the judgment.
          In the first of Appellant's four points he complains that the trial court erred in failing to
grant his motion to suppress illegally obtained evidence. Appellant's motion attempted to suppress
evidence seized during a search of the glove compartment of his car where he was sleeping when
officers from the Waco Police Department encountered him. During pre-trial, the court
conditionally granted the motion to suppress and instructed the State to approach the bench before
offering any evidence which was objected to in Appellant's motion to suppress. The State agreed
to do as instructed. Appellant then argued that he wanted to get the testimony regarding the
suppression motion on the record to the court and not to the jury. This request was denied by the
trial judge. Since article 28.01 is not mandatory but is left to the court's discretion the question
of whether to hold a hearing on a pretrial motion to suppress falls within the trial court's
discretion. See Tex. Code Crim. Proc. Ann. art. 28.01 (Vernon 1989); Calloway v. State, 743
S.W.2d 645, 649 (Tex. Crim. App. 1988); Roberts v. State, 545 S.W.2d 157, 158 (Tex. Crim.
App. 1977). The court may choose to determine whether to suppress the evidence complained of
during the trial on the merits when a proper objection is lodged. Calloway, 743 S.W.2d at 649. 
Even upon motion for a pretrial suppression hearing, no error is presented if the trial court
declines to hear the matter. Id. The accused has not been denied any right since he is still able
to raise any appropriate objection at trial. Id. 
          At trial, the State started introducing evidence which was obtained during the search
without approaching the bench. Appellant's attorney did object, but only on the grounds that the
State was not trying to introduce the substance as LSD. This objection was sustained. Later, the
State called a chemist to identify the substance as LSD. Here Appellant did not object. Because
Appellant failed to object at trial, there is nothing preserved for review on appeal. See Tex. R.
App. P. 52(a). Appellant's first point is overruled.
          By way of point two, Appellant complains that the trial court erred in admitting prejudicial
hearsay testimony. This testimony was given by Officer McCall who assisted in the arrest of
Appellant. McCall's testimony is as follows:
[OFFICER McCALL]: It was real windy, and I couldn't hear what [Appellant]
was saying, but Officer Crochet was talking to [Appellant], and was asking questions, and
then he had [Appellant] step out of the car. I don't know what he was asking before, and
he told me to watch [Appellant] while [Officer Crochet] went around and looked in the
glove box. [Officer Crochet] said that [Appellant] had given him permission to look in the
glove box.
[APPELLANT'S ATTORNEY]: Your Honor, I would like to object to that
as being hearsay.
THE COURT: Overrule the objection.
However, when the Appellant's attorney took Officer McCall on cross-examination, she allowed
the same hearsay statements in without objection. The statement of facts reads as follows:
[APPELLANT'S ATTORNEY]: Did you start to search the car, or who
actually searched the car?
[OFFICER McCALL]: We didn't even -- he went around -- he told me that the
guy said he could look in the glove box, so he was going to look in the glove box. That
is when he came back around and said that he had found this, and placed him under arrest.
[APPELLANT'S ATTORNEY]: You really didn't get to be privy to any
of that?
[OFFICER McCALL]: No.
The testimony complained of was admitted twice, and it is well-established that an error in
admission of evidence is waived where the same evidence comes in elsewhere without objection. 
See Butler v. State, 769 S.W.2d 234, 241 (Tex. Crim. App. 1989). Defense counsel must object
each and every time allegedly inadmissible evidence is offered. Id. All other hearsay statements
Appellant complains of were not objected to at trial and therefore preserve nothing for review. 
See Tex. R. App. P. 52(a).
          In Appellant's third point, he complains that the trial court erred in not including his
requested instruction to the jury in the charge. The refused instruction was filed with the clerk
of the court; however, Appellant never had the instruction certified by the judge as is required by
article 36.17 of the Texas Code of Criminal Procedure. See Tex. Code Crim. Proc. Ann. art.
36.17 (Vernon 1981). Without certification by the judge nothing is preserved for appellate
review. See Love v. State, 646 S.W.2d 487, 488 (Tex.App.—Amarillo 1982, pet. ref'd.). 
Appellant's point is overruled. 
          In Appellant's final point, he argues the trial court erred in failing to respond to his special
requested charge and instruction defining possession. We do not find the requested charge in the
transcript or the statement of facts. There is also no record of a ruling on this requested
instruction; therefore, nothing is preserved for our review. See Tex. R. App. P. 52(a). The point
is overruled and we affirm the judgment. 

                                                                                 BOBBY L. CUMMINGS
                                                                                 Justice

Before Chief Justice Thomas,
          Justice Cummings and
          Justice Vance
Affirmed
Opinion filed and delivered July 11, 1991
Do not publish