taylor 



TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00546-CR







Frederick Taylor, Appellant




v.




The State of Texas, Appellee









FROM THE COUNTY COURT AT LAW NO. 6 OF TRAVIS COUNTY


NO. 416842, HONORABLE DAVID PURYEAR, JUDGE PRESIDING







 A jury convicted Frederick Taylor, appellant, of disorderly conduct, specifically
the discharge of a firearm in a public place other than a public road and a sport shooting range,
and sentenced him to 180 days in the county jail and a fine of $1500.00. See Tex. Pen. Code
Ann. § 42.01(a)(9) (West 1994). (1) Appellant appeals the conviction in nine points of error alleging
that the trial court erred by failing to include in the jury charge certain defensive instructions, by
not properly instructing the jury in the supplemental charge as to the definition of "public place,"
and by not allowing appellant's appointed counsel ten days to prepare for trial. We will reverse
the judgment of conviction and remand the cause for a new trial.



BACKGROUND


 On April 2, 1994, Fred Anzaldua, while on his way to visit Mary McCook, was
confronted by George Soto and a group of his friends (the "Soto group") who "got kind of rowdy
. . . and wanted to fight." Anzaldua went to get help from Grant Trevino and appellant, who
lived nearby. The three returned to George Soto's house, and appellant confronted George Soto
at that time. The Soto group "all jumped up and rushed" the three men. Someone in the Soto
group was armed with a bat, while another had a machete.

 As the altercation moved across the circle towards appellant's apartment, Mary
McCook and Sandy Jasper, appellant's girlfriend, attempted to separate the two sides. Appellant,
McCook, and Jasper were all punched by the Soto group. Appellant and his girlfriend found
themselves backed up to appellant's apartment. At this time, appellant pulled out a gun and fired
it six times into the air. The Soto group fled when the shots were fired, and appellant and the
others went inside appellant's apartment. Appellant was later arrested when the police arrived.



DISCUSSION


 In his second point of error, appellant asserts that the trial court erred in failing to
include an instruction in the jury charge on the defense of necessity pursuant to section 9.22 of
the Texas Penal Code. The State asserts that appellant did not properly preserve for appeal his
request for a special instruction on necessity and that, even if he had, the defense of necessity was
not available to appellant under the facts in this case.

 Appellant requested a special instruction on the defense of necessity by dictating
the appropriate language from the statute into the record. The trial court, however, denied
appellant's request. The requirement of article 36.15 of the Texas Code of Criminal Procedure
that requested instructions be in writing is met "if requested instructions are dictated to the court
reporter in the presence of the court and the State's counsel before the court's charge is read to
the jury." James v. State, 774 S.W.2d 418, 419 (Tex. App.--Dallas 1989, pet. ref'd). Because
appellant properly dictated his requested instruction in this case, we find that "the requested
charge was sufficient to point out the omission of a charge on necessity, and to preserve the
question for our review." Williams v. State, 630 S.W.2d 640, 643 (Tex. Crim. App. 1982).

 A defendant is entitled to an affirmative defense instruction on every issue raised
by the evidence. Warren v. State, 565 S.W.2d 931, 933 (Tex. Crim. App. 1978); Elam v. State,
841 S.W.2d 937, 942 (Tex. App.--Austin 1992, no pet.). This is true "whether such evidence is
strong or weak, unimpeached or contradicted, and regardless of what the trial court may or may
not think about the credibility of this evidence." Miller v. State, 815 S.W.2d 582, 585 (Tex.
Crim. App. 1991). We are not concerned about the truthfulness of appellant's testimony, and we
note that a defensive issue may actually be raised by appellant's testimony alone.

 To be entitled to the defense of necessity, appellant must show that he met all the
elements of that defense. Elam, 841 S.W.2d at 942. Therefore, we must determine whether, if
the testimony is believed, a case of necessity has actually been made. Rodriquez v. State, 544
S.W.2d 382, 383 (Tex. Crim. App. 1976). Under section 9.22 of the Texas Penal Code, the
defense of necessity requires a showing that:



(1) the actor reasonably believes the conduct is immediately necessary to avoid
imminent harm;


(2) the desirability and urgency of avoiding the harm clearly outweigh,
according to ordinary standards of reasonableness, the harm sought to be
prevented by the law proscribing the conduct; and 


(3) a legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear.



Tex. Pen. Code Ann. § 9.22 (West 1994). (2) 

 In this case, appellant testified that he was hit in the face and knocked down and
that his girlfriend, Sandy Jasper, was also given a bloody nose. According to appellant, he and
Sandy were backed up to his apartment by the Soto group and, at the same time, Mary McCook
was being beaten. Appellant testified that he shot the gun in the air because he feared for his life. 
In a situation in which appellant, his girlfriend, and Mary McCook had all been punched and in
which the Soto group was apparently armed and approaching, appellant could have reasonably
believed that shooting a gun up in the air was immediately necessary to avoid imminent harm.

 Also, by his actions, appellant claimed he was attempting to avoid further physical
harm to himself and the others. Appellant testified that he shot the gun "just to scare them and
get them away from my apartment and . . . to get them out there away from where Mary was." 
If the jury chose to believe appellant's testimony, the desirability and urgency of avoiding bodily
harm at the hands of the armed Soto group could clearly outweigh, according to ordinary
standards of reasonableness, the harm sought to be prevented by the law proscribing the disorderly
conduct of discharging a firearm in a public place other than a public road and a sport shooting
range.

 It is for the jury to decide whether to believe the testimony of appellant and the
other defense witnesses and whether such testimony describes circumstances which fall under the
requirements of section 9.22. (3) Armstrong v. State, 653 S.W.2d 810, 811 (Tex. Crim. App.
1983). We believe that the testimony of appellant, supported by the testimony of Fred Anzaldua
and Sandy Jasper, raised the defensive issue of necessity and that the jury should have been given
the opportunity to decide whether the events actually happened as testified to by these witnesses. 
We do not express an opinion as to the truthfulness of any of the testimony before the trial court. 
Rather, we hold that the jury should have been instructed to decide those facts under the law of
necessity. Accordingly, we sustain appellant's second point of error.



CONCLUSION


 Because we sustain appellant's second point of error, we do not reach appellant's
remaining points. The judgment of conviction is reversed, and the cause is remanded to the trial
court. 

 


 

 Jimmy Carroll, Chief Justice

Before Chief Justice Carroll, Justices Jones and B. A. Smith

Reversed and Remanded

Filed: January 17, 1996

Do Not Publish

1.   We recognize that this offense took place before September 1, 1994 and is thus
governed by the law in effect at that time. However, because the 1994 and 1995
amendments did not alter § 42.01(a)(9), we cite to the current code for the sake of
convenience.
2.   Although this offense took place before September 1, 1994, the recent amendments
to the penal code do not alter § 9.22. Accordingly, we cite to the current code for the
sake of convenience.
3.   We note that the third element of the defense of necessity requires that a legislative
purpose to exclude the justification claimed by the accused for his conduct not otherwise
plainly appear. See Tex. Pen. Code Ann. § 9.22(3) (West 1994). This issue is a matter of
law, and the jury may not consider it. Williams v. State, 630 S.W.2d 640, 643 (Tex. Crim.
App. 1982). 


the conduct; and 


(3) a legislative purpose to exclude the justification claimed for the conduct does
not otherwise plainly appear.



Tex. Pen. Code Ann. § 9.22 (West 1994). (2) 

 In this case, appellant testified that he was hit in the face and knocked down and
that his girlfriend, Sandy Jasper, was also given a bloody nose. According to appellant, he and
Sandy were backed up to his apartment by the Soto group and, at the same time, Mary McCook
was being beaten. Appellant testified that he shot the gun in the air because he feared for his life. 
In a situation in which appellant, his girlfriend, and Mary McCook had all been punched and in
which the Soto group was apparently armed and approaching, appellant could have reasonably
believed that shooting a gun up in the air was immediately necessary to avoid imminent harm.

 Also, by his actions, appellant claimed he was attempting to avoid further physical
harm to himself and the others. Appellant testified that he shot the gun "just to scare them and
get them away from my apartment and . . . to get them out there away from where Mary was." 
If the jury chose to believe appellant's testimony, the desirability and urgency of avoiding bodily
harm at the hands of the armed Soto group could clearly outweigh, according to ordinary
standards of reasonableness, the harm sought to be prevented by the law proscribing the disorderly
conduct of discharging a firearm in a public place other than a public road and a sport shooting
range.

 It is for the jury to decide whether to believe the testimony of appellant and the
other defense witnesses and whether such testimony describes circumstances which fall under the
requirements of section 9.22. (3) Armstrong v. State, 653 S.W.2d 810, 811 (Tex. Crim. App.
1983). We believe that the testimony of appellant, supported by the testimony of Fred Anzaldua
and Sandy Jasper, raised the defensive issue of necessity and that the jury should have been given
the opportunity to decide whether the events actually happened as testified to by these witnesses. 
We do not express an opinion as to the truthfulness of any of the testimony before the trial court. 
Rather, we hold that the jury should have been instructed to decide those facts under the law of
necessity.