Becker v. State






COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

)
EUSTACIO RODRIGUEZ,                                )                  No. 08-02-00504-CR
)
                                    Appellant,                        )                              Appeal from
)
v.                                                                          )                  409th District Court
)
THE STATE OF TEXAS,                                   )                  of El Paso County, Texas
)
                                    Appellee.                          )                  (TC# 20020D00634)

MEMORANDUM OPINION

            Eustacio Rodriguez appeals his conviction for robbery, enhanced by two prior felony
convictions. After finding Appellant guilty, a jury found the enhancement paragraphs true and
assessed punishment at life imprisonment. We affirm.
FACTUAL SUMMARY
            On May 17, 2001 at approximately 4:15 p.m., Ana Laura Martinez drove to the McDonald’s
located in downtown El Paso. She pulled into the drive-thru lane and waited after placing her order
because there was a car in front of her. As she waited with her window down, Appellant approached
her and said he had a gun in the bag he was holding. He threatened to hurt Martinez if she did or
said anything. Martinez agreed to do what he said and she asked him to not hurt her. Appellant got
into the driver’s side and pushed Martinez into the passenger seat. A McDonald’s employee,
Eliacim Hernandez, watched Appellant get into the car and he could see that Martinez had a
frightened look on her face. 
            Martinez was afraid that Appellant was going to kill her. She tried to climb out of the car
through the passenger door, but Appellant grabbed her by the hair. While struggling to get away,
Martinez threw her purse through the open car door. She got her feet out of the car but Appellant
continued to hold her by the hair. Appellant began driving away and accelerated, with Martinez still
struggling to get loose. Martinez finally freed herself, fell to the pavement, and began yelling for
help. As a result of her fall, Martinez suffered injuries to her head, face, knees, arms, and hands. 
A McDonald’s employee, Araceli Hernandez, saw Martinez lying on the pavement and bleeding
from the face and called 911. Three other McDonald’s employees chased after Appellant who had
been forced to stop at a red traffic light. In an effort to force the other cars to move out of his way, 
Appellant drove into the vehicles next to and in front of him. Julio Carranza, a McDonald’s
employee, jumped into the passenger side of the vehicle and fought with Appellant to force him to
stop the car. Appellant drove a short distance and ran a red light before crashing into a light pole. 
He initially ran from the car, but then began walking because he was unaware that Carranza was
following him. Carranza and the other McDonald’s employees chased him down and prevented him
from leaving before police arrived. Police officers then took Appellant into custody. 
            A grand jury indicted Appellant for aggravated kidnapping and robbery. The robbery count
alleged that Appellant, while in the course of committing theft and with the intent to maintain control
of property, intentionally and knowingly threatened and placed Martinez in fear of imminent bodily
injury and death. At trial, the State dismissed the aggravated kidnapping count and proceeded on
the robbery count. The jury found Appellant guilty of robbery as alleged in the indictment. 
 

THE COMPLAINANT’S INJURIES
            In Point of Error One, Appellant contends that the trial court abused its discretion by
admitting evidence of Martinez’s injuries. He argues that the evidence was not only irrelevant but
also substantially more prejudicial than probative.
            Immediately prior to the beginning of the State’s case in chief, Appellant urged a motion in
limine pertaining to the introduction of any testimony regarding the complainant’s injuries or medical
treatment. He argued such evidence was irrelevant since the State had not alleged that he had caused
bodily injury but had only alleged that he placed Martinez in fear of imminent bodily injury and
death. He also asked for a running objection and a “limine instruction.” The prosecutor responded
that the evidence was relevant to the allegation that Appellant placed Martinez in fear of imminent
bodily injury and death. The trial court denied Appellant’s motion and instructed him to lodge his
objection in front of the jury. The court also denied the request for a general running objection,
specifying that it would be granted if he requested it and only with respect to medical evidence. 
            The State maintains that Appellant has waived error because he did not continue to object
each time evidence was offered on the subject. We agree. With respect to the medical records,
Appellant made a timely and specific objection that the records were irrelevant to the charge against
him because he had not been accused of causing bodily injury. The trial court overruled this
objection. The State offered into evidence seven photographs of Martinez, depicting her numerous
injuries. Appellant objected to the introduction of these photographs on the ground that they were
irrelevant and more prejudicial than probative. Appellant also objected to the testimony of the
State’s first witness, Officer Miguel Contreras, regarding his observation of Martinez’s injuries. The
trial court overruled his objections and granted Appellant’s request for a running objection to
“testimony regarding injuries.” However, Appellant did not object when other witnesses, including
Martinez, testified about her injuries and he did not request that his running objection be extended
to these witnesses. 
            As a prerequisite to presenting a complaint for appellate review, the record must show that
the complaint was made to the trial court by a timely request, objection, or motion, and the trial court
ruled on the request, objection, or motion. Tex.R.App.P. 33.1(a)(1) and (2); Tucker v. State, 990
S.W.2d 261, 262 (Tex.Crim.App. 1999). Further, a party must continue to object every time
inadmissible evidence is offered. Ethington v. State, 819 S.W.2d 854, 858 (Tex.Crim.App. 1991);
Gillum v. State, 888 S.W.2d 281, 285 (Tex.App.--El Paso 1994, pet. ref’d); Tex.R.App.P. 33.1. 
Error in the admission of evidence is cured when the same evidence is admitted elsewhere without
objection. Ethington, 819 S.W.2d at 858; Hudson v. State, 675 S.W.2d 507, 511 (Tex.Crim.App.
1984). There are two exceptions to the requirement that a party object each and every time
inadmissible evidence is offered: (1) a running objection, or (2) an objection made outside the
presence of the jury to all the testimony he deemed objectionable as permitted by Rule 103(a)(1). 
See Ethington, 819 S.W.2d at 858-59 (discussing similar provision in former Rule 52(a) of Rules
of Appellate Procedure); Gillum, 888 S.W.2d at 285.
            Here, Appellant did not request a Rule 103(a)(1) hearing but he did make a running objection
to the testimony of the State’s first witness. Appellant never renewed his request for a running
objection when other witnesses testified on the same subject. A running objection when requested
by defense counsel and granted by the trial court does not preserve error when another witness
testifies to the same matter without objection. Scaggs v. State, 18 S.W.3d 277, 291 (Tex.App.--Austin 2000, pet. ref’d); see Sattiewhite v. State, 786 S.W.2d 271, 283 n.4 (Tex.Crim.App. 1989);
Goodman v. State, 701 S.W.2d 850, 863 (Tex.Crim.App. 1985), overruled on other grounds,
Hernandez v. State, 757 S.W.2d 744, 751-52 n.15 (Tex.Crim.App. 1988); White v. State, 784 S.W.2d
453, 458-61 (Tex.App.--Tyler 1989, pet. ref’d). Because Appellant waived his complaint by failing
to object each time the challenged evidence was offered, we overrule Point of Error One. 
LESSER INCLUDED OFFENSE
            In Point of Error Two, Appellant contends that he trial court erred by failing to instruct the
jury on the lesser-included offense of theft. To determine whether he was entitled to a charge on the
lesser-included offense, we apply a two-pronged test. Rousseau v. State, 855 S.W.2d 666, 672
(Tex.Crim.App. 1993); Avila v. State, 954 S.W.2d 830, 842 (Tex.App.--El Paso 1997, pet. ref’d).
First, the lesser-included offense must be included within the proof necessary to establish the offense
charged. Rousseau, 855 S.W.2d at 672; Avila, 954 S.W.2d at 842. Second, there must be some
evidence in the record that would permit a jury rationally to find that if the defendant is guilty, he
is guilty only of the lesser offense. Rousseau, 855 S.W.2d at 672; Avila, 954 S.W.2d at 842. The
credibility of the evidence and whether it conflicts with other evidence or is controverted may not
be considered in determining whether an instruction on a lesser-included offense should be given.
Banda v. State, 890 S.W.2d 42, 60 (Tex.Crim.App. 1994); Avila, 954 S.W.2d at 842. Regardless
of its strength or weakness, if any evidence raises the issue that the defendant was guilty only of the
lesser offense, then the charge must be given. Saunders v. State, 840 S.W.2d 390, 391
(Tex.Crim.App. 1992); Avila, 954 S.W.2d at 842. An accused is guilty only of a lesser-included
offense if there is evidence that affirmatively rebuts or negates an element of the greater offense, or
if the evidence is subject to different interpretations, one of which rebuts or negates the crucial
element. See Ramirez v. State, 976 S.W.2d 219, 227 (Tex.App.--El Paso 1998, pet. ref’d). That the
jury may disbelieve crucial evidence pertaining to the greater offense is not sufficient to warrant the
submission of the lesser-included offense submission to the jury; there must be some evidence
directly germane to the lesser-included offense to warrant such submission. See Skinner v. State, 956
S.W.2d 532, 543 (Tex.Crim.App. 1997).
            The first prong of the test is satisfied because theft is a lesser-included offense of robbery. 
Earls v. State, 707 S.W.2d 82, 85 (Tex.Crim.App. 1986); James v. State, 774 S.W.2d 418, 420
(Tex.App.--Dallas 1989, pet. ref’d). Turning to the second prong, there must be evidence which
would permit the jury to rationally find that if Appellant is guilty, he is guilty only of the lesser
offense. Robbery by threats, as alleged in this case, is theft with the added element that the
defendant placed the complainant in fear of imminent bodily injury and death. See Tex.Penal Code
Ann. § 29.02(a)(2)(Vernon 2003). Consequently, there must be evidence from which the jury could
conclude that Appellant did not place the complainant in fear of imminent bodily injury and death. 
Martinez specifically testified that she feared the “worst” was going to happen and that Appellant
was going to take her somewhere and kill her. Martinez was so afraid that she fought to get away
from Appellant and jumped out of the moving car. One of the McDonald’s employees clearly
observed fear on Martinez’s face when Appellant got into the car. 
            In support of his argument, Appellant argues that he twice told Martinez he did not want to
hurt her, she did not actually see a gun, she fought Appellant in an apparent attempt to prevent him
from taking her car, and she struck him when he grabbed her hair. The fact that Martinez may have
struggled and fought with Appellant when he attempted to get into her car and afterwards does not
negate or rebut her testimony that she also feared he was going to take her somewhere and either hurt
or kill her. Because there is no evidence that Appellant is guilty only of theft, the trial court did not
err in refusing to charge the jury on the lesser included offense of theft. Point of Error Two is
overruled. Having overruled both points of error, we affirm the judgment of the trial court.


July 29, 2004                                                               
                                                                                    ANN CRAWFORD McCLURE, Justice

Before Panel No. 2
Barajas, C.J., McClure, and Chew, JJ.

(Do Not Publish)