# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## ON REMAND

## NO. 03-01-00232-CR
## NO. 03-01-00233-CR

**William Ethridge Hill, Jr., Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 0981472 & 0981493, HONORABLE BOB PERKINS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

This Court previously affirmed appellant William Ethridge Hill's convictions for arson and murder. *Hill v. State*, Nos. 03-01-00232-CR & 03-01-00233-CR, 2002 Tex. App. LEXIS 8534 (Tex. App.—Austin Dec. 5, 2002) (not designated for publication). On his petition for discretionary review, appellant urged (among other things) that we failed to address every issue raised in his brief. After granting only this ground for review, the court of criminal appeals summarily remanded the appeal to this Court to address appellant's sixth point of error. *Hill v. State*, Nos. 2220-02 & 2221-02 (Tex. Crim. App. June 11, 2003) (not designated for publication). By this point, appellant contends the district court should have suppressed his written statement to the police

because it was the tainted fruit of an unlawful arrest. We will overrule this contention and reaffirm the judgments of conviction.

*Background*

William Allen's body was found in the remains of his burned residence on the morning of October 2, 1997. The fire was determined to be arson, and Allen's death was ruled a homicide following an autopsy. Investigating officers learned that appellant had lived in Allen's house, was seen entering and leaving the house only minutes before the fire was discovered, and left Austin for Maryland on the day of the fire. Austin police officer Mark Gilchrest contacted appellant later that month, and appellant agreed to be interviewed in Maryland.

Armed with a capias for appellant's arrest issued after he was indicted for the unrelated offense of credit card abuse, Gilchrest traveled to Maryland on October 28. The next day, appellant voluntarily met with Gilchrest and Agent Ed Roach of the Federal Bureau of Investigation at the offices of the Montgomery County, Maryland, police department. The interview began at 5:20 p.m., lasted until 11:00 p.m., and was videotaped in its entirety. Appellant was not under arrest when the interview began. After about one hour, Gilchrest orally advised appellant of his rights, but failed to tell him that any statement he made might be used against him in court. *See Miranda v. Arizona*, 384 U.S. 436, 444 (1966); Tex. Code Crim. Proc. Ann. art. 38.22, § 2(a) (West 1979). After two more hours of questioning, at about 8:30 p.m., Gilchrest informed appellant that he was under arrest for credit card abuse.[1] Soon thereafter, appellant admitted for the first time that he had

_____

[1] In our previous opinion, we incorrectly stated that appellant was arrested at this time for arson and murder.

2

been at Allen's house on the morning of the fire. At 9:45 p.m., Gilchrest began to type a written statement on his portable computer for appellant's signature. This took about an hour, during which Gilchrest and Roach continued to question appellant. The final, printed statement contained all of the warnings required by article 38.22, section 2(a). Appellant signed the statement at 11:00 p.m.

While Gilchrest and Roach were interviewing appellant, Montgomery County detective Robert Reed was obtaining a fugitive warrant for appellant's arrest. At 11:04, minutes after appellant signed the written statement, Reed told appellant that he was under arrest as a fugitive. Appellant was then taken before a magistrate, who signed the fugitive warrant and delivered a copy to appellant after midnight.

Appellant moved to suppress both his videotaped oral statements and the written statement. The district court found that appellant had not been in custody during the interview until Gilchrest told him he was arrested for credit card abuse. Therefore, the court overruled the suppression motion with respect to appellant's oral statements prior to the arrest, but granted it as to the subsequent oral statements because appellant had not been fully advised of his rights. The court refused to suppress the written statement, finding that the printed statutory warnings had been read and understood by appellant before he signed it. In our previous opinion, we overruled appellant's points of error challenging the admission of his oral statements. *See Hill*, slip op. at 4-7, LEXIS 8534 at *5-10. We also addressed and rejected some of appellant's arguments challenging the admission of the written statement. *See id*., slip op. at 7-10, LEXIS 8534 at *10-16. The only unaddressed point of error, and the only issue now before us, is appellant's contention that his written statement was tainted by an unlawful arrest.

3

*Discussion*

Appellant argues that his arrest for credit card abuse was unlawful for three reasons: (1) the authority to arrest granted by the Travis County capias did not extend beyond the borders of Texas; (2) Gilchrest did not have the jurisdictional authority to arrest him in Maryland; and (3) there were no exigent circumstances authorizing Gilchrest to arrest him pursuant to code of criminal procedure article 14.04. Tex. Code Crim. Proc. Ann. art. 14.04 (West 1977) (arrest of escaping felon). The State concedes that the capias was ineffective outside Texas. *See* Tex. Code Crim. Proc. Ann. art. 15.06 (West Supp. 2003). We agree with the State, however, that Gilchrest was authorized to arrest appellant without a warrant pursuant to the Uniform Criminal Extradition Act. *See id*. art. 51.13 (West 1979). For this reason, it is unnecessary to decide whether article 14.04 applies in this cause. We also conclude that even if the challenged arrest were unlawful, the taint was attenuated when appellant signed his written statement.

### *Was appellant unlawfully arrested?*

Under indictment in Texas for the felony of credit card abuse and having been found in Maryland, appellant was a fugitive within the meaning of the Uniform Criminal Extradition Act. *See Ex parte Sanchez*, 987 S.W.2d 951, 952-53 (Tex. App.—Austin 1999, pet. ref'd, untimely filed). In a memorandum to the district court in support of his motion to suppress, appellant conceded that the Texas capias was sufficient probable cause to obtain a fugitive warrant in Maryland for the purpose of extradition. Appellant's memorandum went on, however, to mistakenly assert that a fugitive warrant was the only lawful basis for arresting him. To the contrary, the uniform act as adopted in Texas provides that "a person may be lawfully [arrested] . . . by any peace officer or

4

private person, without a warrant upon reasonable information that the accused stands charged in the courts of a State with a crime punishable by death or imprisonment for a term exceeding one year." Tex. Code Crim. Proc. Ann. art. 51.13, § 14 (West 1979).[2] Section 14 authorizes the arrest of a fugitive without a warrant. *Heard v. State*, 701 S.W.2d 298, 302 (Tex. App.—Houston [14th Dist.] 1985, pet. ref'd). Moreover, the statute authorizes the arrest of a fugitive by a private person. Because Gilchrest had reasonable information that appellant was accused of a felony in Texas, he was authorized to arrest appellant even though he was outside his territorial jurisdiction and did not have a warrant. *See United States v. Johnson*, 815 F.2d 309, 313-14 (5th Cir. 1987). Appellant's contention that the arrest was unlawful therefore fails.

### Was the taint, if any, attenuated?

We will also consider whether appellant's written confession was admissible even if the arrest was improper. This requires us to consider four factors: (1) whether *Miranda* warnings were given, (2) the temporal proximity of the arrest and the confession, (3) the presence of intervening circumstances, and (4) the purpose and flagrancy of the official misconduct. *Dowthitt v. State*, 931 S.W.2d 244, 261 (Tex. Crim. App. 1996). These factors do not necessarily carry equal weight, and it is not required that each factor be resolved in the State's favor. *Juarez v. State*, 758 S.W.2d 722, 780 (Tex. Crim. App. 1988).

---

[2] Appellant's memorandum to the district court specifically cited article 51.13, section 14. Appellant did not cite, offer evidence regarding, or ask the district court to take judicial notice of the law of Maryland. Under the circumstances, we may presume that the relevant Maryland law is the same as the law of Texas. *Crane v. State*, 786 S.W.2d 338, 346, n.1 (Tex. Crim. App. 1990).

The first factor weighs in favor of the State. The written statement began with a listing of the rights afforded by *Miranda* and article 38.22, and a recitation that appellant fully understood those rights. In our earlier opinion, we rejected appellant's contention that these written warnings were a nullity because he had been told that they basically consisted of the same, imperfect warnings he had previously been given orally. *Hall*, slip op. at 9-10, LEXIS 8534 at * 14. Although not alone sufficient to attenuate the taint of an unlawful arrest, advising a defendant of his *Miranda* rights is an important factor favoring the admission of a subsequent statement. *Maixner v. State*, 753 S.W.2d 151, 156 (Tex. Crim. App. 1988).

Prior to being told he was under arrest, appellant had adamantly denied being at Allen's house on the morning of the fire. After Gilchrest told him he was arrested, however, appellant almost immediately changed his story and admitted being at the house. During subsequent questioning, appellant elaborated on his activities at the crucial time and ultimately admitted that he knocked Allen to the floor before he left the house. He continued to deny setting the fire and insisted that Allen was conscious when he last saw him. These facts were incorporated into the written statement appellant signed two-and-a-half hours after being told he was arrested. We conclude that the temporal proximity of the arrest and the written statement and the absence of intervening circumstances weigh in appellant's favor. *See Bell v. State*, 724 S.W.2d 780, 788-89 (Tex. Crim. App. 1986).

We believe that the "purpose and flagrancy" factor is determinative. This is not a case in which a police officer deliberately arrested a suspect without probable cause for the purpose of engaging in a fishing expedition or inducing a confession. Appellant voluntarily went to the police station for questioning. Based on the capias, there was probable cause to arrest him as a

6

fugitive at all relevant times. The only arguable basis for concluding that the arrest was unlawful was Gilchrest's lack of authority as a law enforcement officer in Maryland.[3] Appellant appears to concede that Agent Roach, who was present when Gilchrest announced that appellant was under arrest, and either of the two Maryland police officers who transported him to the station could have made the arrest. There is no evidence to suggest that the course of appellant's questioning would have been altered in any way if Roach, rather than Gilchrest, had informed appellant that he was under arrest. Even if Gilchrest personally lacked authority to arrest appellant, the arrest was not under the circumstances an act of purposeful or flagrant misconduct so serious as to taint what was otherwise shown to be a voluntary written statement given in full compliance with article 38.22. *See Self v. State*, 709 S.W.2d 662, 667-68 (Tex. Crim. App. 1986).

We overrule point of error six. Having previously overruled appellant's other points of error, we again affirm the judgments of conviction.

_____

David Puryear, Justice

Before Chief Justice Law, Justices Kidd and Puryear

Affirmed

Filed: November 6, 2003

Do Not Publish

---

[3] In his supplemental reply brief filed in this Court on October 28, 2003, appellant seeks for the first time to rely on the law of Maryland. In Maryland, a law enforcement officer may arrest a fugitive without a warrant on the same basis as in Texas. Md. Code Ann., Crim. Proc. § 9-114(a) (2002). Section 9-114 is substantively identical to its statutory predecessor in effect at the time appellant was arrested. *See* former Md. Ann. Code, art. 41, § 2-214 (1957).