COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

 

NO. 02-11-00517-CR

 

 


 
 
 Ex
 parte Jerome Wall
  
  
  
  
  
  
  
 
 
 §
  
 §
  
 §
  
 §
  
 §
 
 
 From
 the 16th District Court
  
 of
 Denton County (F-2010-1802-A)
  
 November
 21, 2012
  
 Opinion
 by Justice Gardner
  
 (nfp)
 
 


 

JUDGMENT

         
This court has considered the record on appeal in this case and holds that
there was no error in the trial court’s order.  It is ordered that the
order of the trial court is affirmed.

 

SECOND DISTRICT COURT OF APPEALS

 

 

 

By_________________________________

   
                                                     
 Justice Anne Gardner

 

 

 

 

 

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00326-CR

NO. 02-11-00517-CR

 

 


 
 
 Ex parte Jerome Wall
 
 
  
 
 
  
 
 
 
 
  
 
 
 
 
  
 
 
  
 
 
  
 
 


 

 

----------

FROM THE 16th
District Court OF Denton COUNTY

----------

MEMORANDUM
OPINION[1]

----------

I. 
Introduction

In these
two consolidated appeals, Appellant Jerome Wall challenges two trial court
orders issued after he pleaded guilty to the offense of failure to
identify.  In cause number 02-11-00517-CR, Appellant appeals the trial
court’s order denying relief on his writ of habeas corpus application seeking
to avoid extradition to Mississippi.  See Tex. R. App. P. 31. 
We affirm this order.  In cause number 02-11-00326-CR, Appellant attempts
to appeal the trial court’s order recommending to the court of criminal appeals
that his pro se writ application challenging his confinement and extradition be
dismissed.  See Tex. Code Crim. Proc. Ann. art. 11.07 (West Supp.
2012).  We dismiss this appeal for want of jurisdiction.

II. 
Procedural and Factual Background[2]

Appellant
was arrested in Denton County on May 12, 2010, for fraudulent use or possession
of identifying information and failure to identify.  The next day, the
trial court set bail in each case.  The parties agree that on or about
Appellant’s arrest date, Denton County employees learned that Appellant was an
escapee from Mississippi, and a “no-bond hold” was placed against Appellant on
the escape charge.  The parties dispute the effect and meaning of the
“no-bond hold.”  It is undisputed, however, that Appellant remained
confined.  The record indicates that Appellant did not attempt to post
bond in his two pending Denton County cases.  On August 12, 2010, a Denton
County grand jury indicted Appellant on these two charges.

In
October 2010, Appellant filed a pro se application for preconviction habeas
corpus, asserting that he was being illegally confined on the “hold” issued on
the Mississippi offense.  In January 2011, Appellant filed a petition for
writ of mandamus in this court, seeking to compel the trial court to act on his
writ application.[3] 
This court denied Appellant’s requested mandamus relief.  See In
re Wall, No. 02-11-00035-CV, 2011 WL 754410, at *1 (Tex. App.—Fort Worth
Mar. 3, 2011, orig. proceeding) (mem. op.).

On
March 2, 2011, Appellant pleaded guilty to misdemeanor failure to identify, and
the trial court dismissed the remaining charge.  The trial court sentenced
Appellant to 270 days’ incarceration in the Denton County Jail and granted
pretrial incarceration credit of 295 days.  Appellant remained in jail.[4]  On March 17, 2011, the trial court
determined that probable cause existed to issue a fugitive warrant.  On
March 30, 2011, the trial court appointed Appellant counsel on his
fugitive-from-justice charge.  On May 11, 2011, the State of Mississippi
filed a request for interstate rendition, and on May 13, 2011, Governor Rick
Perry issued a Texas Governor’s warrant to extradite Appellant from Texas to
Mississippi.

On
May 27, 2011, Appellant filed a pro se “Application for a Writ of Habeas Corpus
Seeking Relief from Final Felony Conviction Under Code of Criminal Procedure,
Article 11.07,” challenging his confinement and extradition.  On July 6,
2011, the trial court recommended to the court of criminal appeals that
Appellant’s pro se writ application be dismissed.[5]

On
May 31, 2011, Appellant’s appointed counsel filed an “Original Application for
Pre-Conviction Writ of Habeas Corpus,” challenging the timeliness of the Texas
Governor’s warrant.  The application alleged that

[Appellant] was
arrested and placed in the Denton County Jail on May 12, 2010, and on or about
the same date [Appellant] was “committed” by a Denton County Magistrate to
confinement as an alleged “fugitive from justice” pursuant to Article
51.05.  No warrant from the Governor of Texas authorizing [Appellant’s]
arrest pursuant to Article 51.07 was executed prior to May 13, 2011, almost
exactly a year later.  As a result, under Texas law the Sheriff of Denton
County was compelled to discharge [Appellant] from custody, insofar as his
confinement was authorized by Chapter 51 of the Texas Code of Criminal
Procedure, not later than August 10, 2010.

 

[Appellant] concedes that during the course of his
confinement after May 12, 2010, he remained independently confined (or subject
to release on bond) as the result of two pending charges [to one of which he
pleaded guilty to a lesser included offense] . . . .  In this connection
however, [Appellant] contends that neither his confinement to a sentence to
confinement for violation [sic] of Texas law, nor the pendency of criminal
charges for violation of Texas law, operated to suspend the Denton County
Sheriff’s compliance with Article 51.05 and 51.07 after August 10, 2010.

At
the initially-scheduled July 29, 2011 extradition hearing, Appellant’s
appointed counsel stated that he had filed the May 31, 2011 preconviction writ application
and had provided Appellant a copy.  He further noted, however, that a few
days earlier Appellant had discharged him from this proceeding and that a trial
court clerk had left him a message stating that Appellant had asked the trial
court to discharge his appointed counsel and appoint him new or standby
counsel.  The trial court confirmed that previously appointed counsel was
discharged, appointed Appellant new counsel, and continued the hearing to a
later date.

At
the September 2011 extradition hearing, Appellant’s newly-appointed counsel
filed “Defendant’s Answer to State’s Warrant and Extradition and Motion for
General Habeas Corpus.”  This document incorporated the May 31, 2011 writ
application, reiterated certain facts and arguments, and prayed that the trial
court “find that a ‘systemic right’ was violated when [Appellant] was not
discharged on the 91st day of his Denton County incarceration by the
Denton County Sheriff.”

Also,
at the extradition hearing, the State introduced the Governor’s warrant and
supporting documents.  Appellant’s counsel argued,

[W]ithin the 90 days
of the arrest back on May the 12th of [2010,] no action was taken by the State
of Mississippi to initiate their extradition.  They actually waited until
after the State of Texas had completed its case on the failure to identify a
felony case of 2010-1802-A, and then within the times after that, they started
-- that is, Mississippi started its extradition process.

 

I am also acquainted
with that particular statute that is 51.13 that addresses item number 19. 
It says persons under criminal prosecution in the State of Texas at the time of
extradition.  [sic]  That particular statute, way I read it,
basically says that Denton County had a right to proceed with [its] case, and
then upon completing the case then maybe he can start another 90 days. 
And, of course, the State of Mississippi with the State’s Exhibit Number 1
indicates within 90 days actually they did go with their requisition from
Mississippi to the Governor and Governor Perry signed his warrant.

So from that
standpoint, it looks all right.  But our objection is within the first 90
days of the arrest, the State of Mississippi had placed a detainer, which
initiated the Denton County Case, and we are arguing that that 90 days runs
from the date of the arrest.  The guilty plea was entered March the 2nd,
2011, for a misdemeanor reduction of the particular case.  So for 270
days, this man has been sitting in the Denton County Jail. . . .

 

[Appellant] had the right to proceed on a 90-day
assumption.  It’s stated in the statute.  The statute is exceedingly
clear, and that’s the Code of Criminal Procedure, Article Number 51.07, it says
expiration of 90 days from the date of commitment.  The date shall be
discharged at the expiration of 90 days.  It’s a very specific statute.

After
both sides presented their cases, the trial court denied relief on Appellant’s
writ application, thereby granting extradition to the State of Mississippi.[6]

On
July 28, 2011, Appellant filed a pro se notice of appeal regarding the trial
court’s recommendation to the court of criminal appeals that his May 2011 pro
se application for writ of habeas corpus be dismissed.  On September 19,
2011, Appellant’s appointed appellate counsel filed a notice of appeal
regarding the trial court’s judgment ordering extradition to the State of
Mississippi and denial of habeas corpus.  We consolidated these two
appeals.  Appellant’s appointed attorney filed a brief, as did the State.

After
these appeals were submitted, Appellant filed a pro se motion to supplement the
record and a motion for leave to file an amended brief and supplement the
record.  The State filed a motion for leave to file an amended brief and a
motion for leave to supplement the record.  The State also filed a motion
for leave to supplement appendix A to the State’s amended brief.  We have
previously granted the parties’ requests to file additional briefs (excluding
any attached exhibits or appendices), see Tex. R. App. P. 38.7, but
waited until issuing this opinion to address the parties’ requests to
supplement the appellate record.

We
deny the parties’ requests to supplement the appellate record, for the reasons
set out below in the opinion.  We have liberally construed Appellant’s pro
se “amended brief” as a supplemental brief, and we have considered it, along
with Appellant’s initial brief filed by counsel and the State’s amended brief.[7]

III.  Order Denying Writ Application Seeking to Avoid
Extradition

In
cause number 02-11-00517-CR, Appellant appeals “the judgment of the trial court
ordering extradition to the State of Mississippi and denial of habeas corpus.”

A. 
Applicable Law

We
review the trial court’s decision to deny habeas corpus relief for an abuse of
discretion.[8] 
Kniatt v. State, 206 S.W.3d 657, 664 (Tex. Crim. App.), cert. denied,
549 U.S. 1052 (2006).  Appellant bears the burden to prove he is entitled
to the relief he seeks by a preponderance of the evidence.  Id.

Article
IV, Section 2 of the United States Constitution establishes the basis for
extradition of fugitives between states.  U.S. Const. art. IV, § 2, cl.
2.  The Extradition Clause is implemented by the Uniform Criminal Extradition
Act, which has been adopted by Texas.  See Tex. Code Crim. Proc.
Ann. art. 51.13 (West 2006); Ex parte Potter, 21 S.W.3d 290, 293 n.3
(Tex. Crim. App. 2000).

Extradition
proceedings are limited in scope in order to facilitate a swift and efficient
transfer of custody to the demanding state.[9]  Ex parte Potter, 21 S.W.3d
at 294.  Once the governor of an asylum state grants extradition, a court
considering release on habeas corpus can consider only (1) whether the extradition
documents on their face are in order; (2) whether appellant has been charged
with a crime in the demanding state; (3) whether appellant is the same person
named in the extradition request; and (4) whether appellant is a
fugitive.  Id. (citing Michigan v. Doran, 439 U.S. 282, 289,
99 S. Ct. 530, 535 (1978)); Ex parte Lekavich, 145 S.W.3d at 700. 
The issuance of a valid Governor’s warrant renders moot any complaint arising
from confinement under a fugitive warrant, including detention in excess of the
statutory period.  Ex parte Worden, 502 S.W.2d at 805; see
Echols v. State, 810 S.W.2d 430, 431 (Tex. App.—Houston [14th Dist.] 1991,
no pet.).[10]

B. 
Analysis

Appellant
does not challenge the validity of the Governor’s warrant.[11] Instead, he asserts that “[t]he trial
court erred in not following the clear dictates of Texas Code of Criminal
Procedure 51.05 and 51.07 as [Appellant] had been detained in excess of ninety
days without the issuance of the required Governor’s warrant.”  See Tex.
Code Crim. Proc. Ann. arts. 51.05 (West 2006),[12] 51.07 (West 2006),[13] art. 51.13, §§ 15, 17.[14]

1. 
Mootness and Appealability of Appellant’s Issues

Without
discussing the holding in Ex parte Worden—that the issuance of a valid
Governor’s warrant renders moot any complaint arising from confinement under a fugitive
warrant—Appellant suggests that this court should address his illegal
confinement allegations because the trial court failed to hold hearings on his
“numerous applications for writs of habeas corpus” filed before the Governor’s
warrant was issued.  In support, Appellant cites generally to articles
11.10,[15]
11.11,[16]
51.05, and 51.07.  See Tex. Code Crim. Proc. Ann. arts. 11.10–.11
(West 2005), arts. 51.05, 51.07.  Citing Ex parte Werne, he asserts
that his “liberty rights” were violated and that a constitutional harm analysis
demonstrates reversible error.  118 S.W.3d 833, 837 (Tex. App.—Texarkana
2003, no pet.).  A brief discussion of Werne is necessary.

Werne
was arrested on local charges on September 2, 2002, and he satisfied his jail
sentences by mid-September.  Id. at 835.  Werne remained in
jail, however, on a fugitive warrant issued by the State of Mississippi. 
On November 12, 2002, Werne filed a writ application (“first
application”).  At a January 15, 2003 hearing on this application, the
trial court released Werne on bond.  Id.  Meanwhile, Governor
Perry issued a Governor’s warrant, and Werne was rearrested.  Id. 
Werne then filed a second writ application.  Id.  At the writ
hearing, the trial court found that Werne had been illegally detained from
December 2002 until January 2003, but concluded that the illegal detention did
not taint the efficacy of the Governor’s warrant.  Id.  In
appealing the denial of his requested relief on the second application, Werne
argued that the trial court’s two-month delay in holding a hearing on his first
application constituted an unconstitutional infringement on his liberty which
could not be rendered acceptable by an untimely Governor’s warrant.  Id.
at 836–37.  The appellate court did not agree and held that the “existence
of error on the First Application does not, however, resolve the issue
presented in the case now before us-whether the trial court erred in denying
Werne’s Second Application.”  Id. at 836.  The
appellate court noted:

We will not declare that there is no instance
in which such an error might be so great as to fatally corrupt a later
proceeding. 
In this case, however, we do not so conclude.  The error was ultimately
rectified, although at the cost of six unnecessary weeks in jail for
Werne.  That error, however, has not contaminated the present proceeding,
which involves a proper Governor’s warrant and arrest pursuant to that warrant.

Id. at
837 (emphasis added) (citation omitted).  The appellate court then stated
that even if it were to find it proper to fully merge these two proceedings and
apply the rule controlling our review of harm resulting from constitutional
error, it would not find reversible error.  Id.

We
are not persuaded to depart from Ex parte Worden in this case, and we
hold that the issuance of the valid Governor’s warrant rendered moot
Appellant’s complaint that he was illegally detained on a fugitive warrant in
excess of ninety days without the issuance of the required Governor’s
warrant.  To the extent there hypothetically could be circumstances when
“an error might be so great as to fatally corrupt a later proceeding,”[17] that is not the situation here.  In
the interests of justice, however, we explain our determination that no error
occurred in the instant case and that no harm analysis is necessary.

2. 
Timeliness of the Governor’s Warrant

The
parties agree that on or about Appellant’s May 12, 2010 arrest date officials
placed a “no-bond hold” or a detainer on him, however, they disagree on the
meaning and effect of the hold.[18] 
Appellant contends that the “no-bond hold” constituted or had the effect of a
fugitive warrant; thus, because a Governor’s warrant was not issued within
ninety days of the approximate May 12, 2010 “no-bond hold,” he has been
illegally confined since August 10, 2010.

Citing
Lanz, the State distinguishes a “no-bond hold” from a fugitive warrant
and asserts that Denton County merely placed a “no-bond hold” against Appellant
with regard to the Mississippi offense, which did not take effect (at least
until March 3, 2011, when Appellant pleaded guilty and completed his sentence)
because he never attempted to post bail on the local charges.  See 815
S.W.2d at 253.

Lanz
was arrested in November 1990 on both a burglary charge and a fugitive
warrant.  The fugitive warrant was dismissed two days later and a
“detainer” was placed on Lanz pending the disposition of the local
charges.  Id.  Lanz filed an application for writ of habeas
corpus, and evidence at the March 1991 writ hearing showed that he had not been
indicted for burglary and that a Governor’s warrant had not been issued.  Id. 
At the time of the hearing, the sheriff’s department issued another
fugitive warrant based on the same underlying facts.  Id.  The
trial court placed Lanz on bond for the burglary offense and denied his writ
application regarding the fugitive warrant.  On appeal, Lanz argued that as
of the March hearing, he had been held in excess of ninety days and should have
been discharged under articles 51.05, 51.07, and 51.13, sections 15 and 17 of
the code of criminal procedure.  Tex. Code Crim. Proc. Ann. arts. 51.05,
51.07, art. 51.13, §§ 15, 17.

In
reversing the trial court, the court of appeals held that the sheriff’s
department had violated the relevant time restraints because “abuses might well
arise if the ninety day commitment period could be renewed by the mere
dismissal of a fugitive warrant and its subsequent reissuance.”  Lanz,
815 S.W.2d at 254. The appellate court also noted, however, that “it could well
be another matter if the demanding state’s communication is held in abeyance
and a detainer is lodged notifying the local law enforcement authority of the
state’s request,” noting testimony from a sergeant with the local sheriff’s
department that

a detainer is a local form placed in an inmate’s file by
the sheriff’s department.  This form serves as a reminder to the booking
officers that there is an outstanding charge against an inmate in the event he
is released upon the charge that is holding him in the jail.  The detainer
is an administrative notation of the sheriff’s office and is not presented to a
magistrate for judicial oversight.

Id. at
253.

This
language in Lanz supports the State’s argument that while the Denton
County charges were pending, a “no-bond hold” was placed against Appellant,
which was simply an informal reminder that there was an outstanding charge
against Appellant in the event he was released on the local charges holding him
in the jail.[19] 
Indeed, Appellant was originally incarcerated based on Denton County charges,
and the record indicates that a fugitive warrant was issued on March 17, 2011,
once the local charges and sentence were satisfied.[20]  The March 17 fugitive warrant
initiated the time constraints mandated under article 51.

Appellant asserts that his confinement on local charges did
not suspend the ninety-day time requirements under articles 51.05 and 51.07,
asserting that these two articles do not recognize an exception.  However,
the record indicates that Appellant was not arrested on a fugitive warrant
until March 17, 2011.  See Tex. Code Crim. Proc. Ann. art. 51.05
(individual arrested pursuant to a fugitive warrant shall not be
committed or held to bail for longer than 90 days).  Appellant was not
illegally detained from May 12, 2010 until March 2, 2011, because Denton County
officials were detaining him on local charges.  See Ex parte Froman,
No. 14-02-00450-CR, 2002 WL 31319456, at *3 (Tex. App.—Houston [14th Dist.]
Oct. 17, 2002, no pet.) (not designated for publication) (overruling claim
regarding two-and-one-half-year delay between fugitive and Governor’s warrants,
noting that for two of those years appellant was being held under a local
charge and conviction and not on the fugitive warrant); see also Ex parte
Logan, 2011 WL 989066, at *1–2 (holding that the issuance of a valid
Governor’s warrant rendered moot appellant’s complaint regarding his four-year
confinement under a fugitive warrant, noting that appellant had been
simultaneously detained on local charges).

Appellant
also asserts that from March 2, 2011 (when he pleaded guilty), until March 17,
2011 (when the fugitive warrant was issued), he was “held in the Denton County
Jail without Warrant and without any charge whatsoever.”  The State
contends that Appellant remained incarcerated after the completion of his sentence
pursuant to article 51.13, section 14, which provides,

The arrest of a person may be lawfully made . . . without
a warrant upon reasonable information that the accused stands charged in the
courts of a State . . . but when so arrested the accused must be taken before
a judge or magistrate with all practicable speed and complaint must be made
against him under oath setting forth the ground for the arrest . . . .

Tex.
Code Crim. Proc. Ann. art. 51.13, § 14 (emphasis added).  Notably, in
addition to evidence that a fugitive warrant was issued on March 17, 2011,
Appellant acknowledges that he was taken before the trial court that same day,
which was fifteen days after the completion of his sentence on the local
charge.  We conclude that under the facts of this case, fifteen days was
not an unreasonable amount of time for the fugitive warrant to be issued. 
See id.; Heard v. State, 701 S.W.2d 298, 302 (Tex. App.—Houston
[14th Dist.] 1985, pet. ref’d); see also Hill v. State, Nos.
03-01-00232-CR, 03-01-00233-CR, 2003 WL 22508201, at *2 (Tex. App.—Austin Nov.
6, 2003, pet. ref’d) (mem. op., not designated for publication) (citing Heard),
cert. denied, 544 U.S. 1060 (2005).  Thus, the Governor’s warrant
was timely issued on May 13, 2011, fifty-seven days after the fugitive warrant
was issued.[21] 
To the extent that it could be argued that the “no-bond hold” acted like a
fugitive warrant as soon as Appellant satisfied the local charges on March 2,
2011, the Governor’s warrant was still timely issued within seventy-two
days.  See Tex. Code Crim. Proc. Ann. art. 51.13, §§ 15, 17.

3. 
Preconviction Writ Application

Appellant
also asserts that the trial court reversibly erred in failing to conduct a
hearing on his pro se preconviction October 7, 2010 writ application, in which
he complained that he was being unlawfully confined without bail on the
“no-bond hold.”[22] 
See Tex. Code Crim. Proc. Ann. arts. 11.10–.11.[23]  The record indicates that the
trial court neither issued a writ on this application nor considered and
resolved its merits.[24]
 There is no right to appeal from the trial court’s refusal to issue a
writ of habeas corpus when the trial court did not consider and resolve the
merits of the application.  See Ex parte Hargett, 819 S.W.2d
866, 869 (Tex. Crim. App. 1991); Ex parte Lewis, 196 S.W.3d 404, 405
(Tex. App.―Fort Worth 2006, no pet.).  Because the trial court did not
consider and resolve the merits of Appellant’s October 7, 2010 habeas corpus
application,[25]
this court does not have jurisdiction over this subissue; and accordingly, we
dismiss this subissue summarily under Ex parte Hargett.  See
819 S.W.2d at 869.

4.
 Conclusion

Having
overruled Appellant’s dispositive issues, we affirm the trial court’s order
denying Appellant relief on his writ of habeas corpus application seeking to avoid
extradition to Mississippi that was litigated at the September 16, 2011
extradition hearing.

IV. 
Order Recommending Dismissal of Postconviction Writ Application

In
cause number 02-11-00326-CR, Appellant filed a pro se notice of appeal regarding
the trial court’s recommendation to the court of criminal appeals that his May
2011 pro se postconviction application for writ of habeas corpus be dismissed.
 We dismiss this appeal for want of jurisdiction.

On
March 30, 2011, the trial court appointed Appellant counsel to challenge his
fugitive-from-justice charge.  In April 2011, Appellant asked the trial
court to dismiss his attorney and requested to proceed pro se.[26]  Shortly after the May 13, 2011
Governor’s warrant was issued, the trial court appointed Appellant new
counsel.  Around the same time (unbeknownst to newly-appointed counsel),
Appellant filed an 11.07 writ application on the prescribed form.[27]  Appellant submitted eight claims,
challenging several aspects of his confinement and the extradition proceedings.[28]

In
its answer, the State explained that the issues Appellant raised in his 11.07
postconviction writ application “[did] not stem from either a misdemeanor or
felony conviction, but rather from his incarceration pursuant to a Governor’s
Warrant for extradition,” and therefore, his application should be
dismissed.  See Tex. Code Crim. Proc. Ann. art. 11.07, § 1. 
(“This article establishes the procedures for an application for writ of habeas
corpus in which the applicant seeks relief from a felony judgment imposing a
penalty other than death.”).  The State emphasized that Appellant’s
appointed counsel had almost simultaneously filed a writ application, which
similarly challenged Appellant’s “continued confinement and extradition to the
State of Mississippi.”

In a
signed, written order, the trial court adopted the State’s proposed findings of
facts and conclusions of law,[29]
and recommended to the court of criminal appeals that Appellant’s pro se writ
application be dismissed.  See id. art. 11.07, §§ 3, 5 (providing
that the trial court makes recommendations to the court of criminal appeals,
which grants or denies relief).  Appellant challenged this order by filing
a notice of appeal in this court.  In the meantime, as required under
article 11.07, the clerk of the court transmitted Appellant’s application and
the trial court’s order to the court of criminal appeals.  See id.
art. 11.07, § 3.  The court of criminal appeals dismissed Appellant’s writ
application without written order.  See id. art. 11.07, § 5.

Intermediate appellate courts do not have jurisdiction in
article 11.07 postconviction habeas matters.  See id. art.
11.07, § 3 (requiring postconviction applications for writ of habeas corpus in
non-death-penalty felony cases to be filed in court of original conviction and
made returnable to court of criminal appeals); Ex parte Martinez, 175
S.W.3d 510, 512–13 (Tex. App.—Texarkana 2005, orig. proceeding); In re
McAfee, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig.
proceeding); see also Ex parte Garcia, 353 S.W.3d 785, 787 (Tex.
Crim. App. 2011) (holding that the court of criminal appeals is the ultimate
finder of fact in article 11.07 habeas cases).  Thus, as a procedural
matter, the trial court’s order is not appealable, and we dismiss this appeal
for want of jurisdiction.  See Tex. R. App. P. 26.2(a)(1),[30] 43.2(f).

Even if we had jurisdiction, the trial court’s order is not
subject to appellate review.  To the extent we must look at the substance
of the order and the underlying pleadings,[31] the thrust of Appellant’s argument was
to challenge his extradition.  The trial court was not required, however,
to rule on Appellant’s pro se filing to the extent it complained about the
extradition because the court had already appointed counsel to represent Appellant
in that matter.  See Robinson v. State, 240 S.W.3d 919, 922 (Tex.
Crim. App. 2007) (holding that a trial court has no duty to rule on a pro se
motion filed by an accused represented by counsel); Patrick v. State,
906 S.W.2d 481, 498 (Tex. Crim. App. 1995) (holding that an appellant has no
right to hybrid representation), cert. denied, 517 U.S. 1106
(1996).  Indeed, the trial court did not enter a “final” reviewable order
but instead simply recommended to the court of criminal appeals that the
application be dismissed.[32] 
See Robinson, 240 S.W.3d at 922 (holding that a trial court’s decision
not to rule on a pro se motion would not be subject to review, however, if the
trial court chooses to rule, this ruling is reviewable).  For this
additional reason, the trial court’s order is not subject to review.

 Moreover, as anticipated by the trial court,
Appellant’s relevant concerns regarding his extradition (as set out in his May
27, 2011 pro se writ application) were litigated by way of his appointed
counsel’s application and arguments at the extradition hearing.[33]  To the extent the substance of
Appellant’s pro se pleading relates to his extradition proceedings, we have
already thoroughly considered these issues in Appellant’s companion appeal, set
out above.  Therefore, even if the substantive issues in Appellant’s
postconviction writ application were appealable, they would be moot by virtue
of the trial court’s ruling on the May 31, 2011 writ application that was
litigated at the September 2011 extradition hearing.

V. 
Conclusion

We
affirm the trial court’s order denying Appellant’s writ application seeking to
avoid extradition in cause number 02-11-00517-CR.  We dismiss the appeal
in cause number 02-11-00326-CR for want of jurisdiction.  We deny the
parties’ pending motions, each of which is addressed in the opinion.[34]

 

 

ANNE GARDNER
JUSTICE

 

PANEL: 
LIVINGSTON, C.J.; GARDNER and GABRIEL, JJ.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  November
21, 2012














[1]See
Tex. R. App. P. 47.4.





[2]Throughout
the opinion, we refer to “petition” and “application” interchangeably.





[3]As
discussed later in the opinion, it appears that the trial court did not
consider and resolve the merits of this habeas application.





[4]The
parties’ arguments regarding Appellant’s continued incarceration are set out
later in the opinion.





[5]As
discussed later in the opinion, the court of criminal appeals dismissed
Appellant’s writ application on September 7, 2011.





[6]The
trial court stated in part,

[I] reviewed the Court’s file in the original -- the
Texas charge, and it does not appear that he ever posted bond on this matter,
and so the hold from Mississippi wasn’t effective.  I will find it didn’t
take place until he completed his sentence here in Texas.  And that’s when
the 90 days began to run.

I’m going to deny [Appellant’s] request.  Find
that he is the person named in the State of Mississippi’s warrant and in their
packet and in the State of Texas Governor’s Warrant.





[7]Appellant
is not entitled to hybrid representation, see Ex parte Bohannan, 350
S.W.3d 116, 116 n.1 (Tex. Crim. App. 2011); however, due to procedural
considerations in these companion appeals, we have considered Appellant’s pro
se brief to the extent the arguments were relevant to the resolution of the
issues.





[8]Generally,
the trial court’s ruling should be upheld if it is supported by the record and
is correct under any theory of the law applicable to the case.  Mahaffey
v. State, 316 S.W.3d 633, 637 (Tex. Crim. App. 2010).





[9]The filing of a
Governor’s warrant and its supporting papers constitutes a prima facie case
authorizing extradition.  Ex parte Worden, 502 S.W.2d 803, 805
(Tex. Crim. App. 1973); Ex parte Lekavich, 145 S.W.3d 699, 701 (Tex.
App.—Fort Worth 2004, no pet.).  The burden then shifts to the petitioner
to show the illegality of his arrest.  Ex parte Lekavich, 145
S.W.3d at 701.





[10]See
also, Ex parte Logan, No. 05-10-01354-CR, 2011 WL 989066, at *2
(Tex. App.—Dallas Mar. 22, 2011, no pet.) (not designated for publication); Ex
parte Steadman, No. 04-04-00188-CR, 2004 WL 1835959, at *1 (Tex. App.—San
Antonio Aug. 18, 2004, no pet.) (mem. op., not designated for publication); Ex
parte Chavez, No. 13-03-00692-CR, 2004 WL 1834459, at *1 (Tex. App.—Corpus
Christi Aug. 12, 2004, no pet.) (mem. op., not designated for publication).





[11]The
closest Appellant comes to raising one of the four permissible challenges is
his assertion that “the State of Mississippi has never at any time claimed that
[he] is charged with Escape.”  However, the March 2011 sworn affidavit of
the Deputy Commissioner of Institutions/MSP Superintendent of the Mississippi
Department of Corrections provides that Appellant was sentenced to life without
parole for the possession of a controlled substance on September 12, 1996; that
on August 15, 2006, he escaped from a county correctional facility; and that he
is wanted by the Mississippi Department of Corrections for the remainder of his
sentence.





[12]Article
51.05 outlines the procedure for issuing a fugitive warrant and provides that
an individual arrested pursuant to such a warrant shall not be committed or
held to bail for longer than ninety days.  See Tex. Code Crim.
Proc. Ann. art. 51.05; see also Lanz v. State, 815 S.W.2d 252, 253 (Tex.
App.—El Paso 1991, no pet.).





[13]Article
51.07 provides that a fugitive who is not arrested under a warrant from the
governor of this state before the expiration of ninety days from the date of
his commitment shall be discharged.  See Tex. Code Crim. Proc. Ann.
art. 51.07; see also Lanz, 815 S.W.2d at 253.





[14]Article
51.13 adopts the Uniform Criminal Extradition Act and sets out the procedure
for returning fugitives to the requesting states.  See Ex parte Potter,
21 S.W.3d at 294.  Sections 15 and 17 of article 51.13 provide a
thirty-day commitment period to obtain the Governor’s warrant, which can be
renewed for another sixty days.  See Tex. Code Crim. Proc. Ann.
art. 51.13, §§ 15, 17; see also Lanz, 815 S.W.2d at 253.





[15]Article
11.10 provides in part that “[w]hen motion has been made to a judge under
[either article 11.08 or 11.09], he shall appoint a time when he will examine
the cause of the applicant, and issue the writ returnable at that time, in the
county where the offense is charged in the indictment or information to have
been committed.”  Tex. Code Crim. Proc. Ann. art. 11.10.





[16]Article
11.11 provides, “The time so appointed shall be the earliest day which the
judge can devote to hearing the cause of the applicant.”  Id. art.
11.11.





[17]Arguably,
the italicized language above constitutes dicta. See Ex parte Logan,
2011 WL 989066, at *2.





[18]Appellant’s
first request and the State’s two requests to supplement the appellate record
pertained primarily to the “no-bond hold” placed against Appellant on the
escape charge.  We deny these requests as moot because the parties rely on
the documents attached to their requests to show that a “no-bond hold” was
placed on Appellant after he was arrested, but the parties agree on this
fact.  Also, the parties have not established that it would be appropriate
to supplement the appellate record with these documents.  See Tex.
R. App. P. 34.5(c)(1), 34.6(d); Solomon v. State, 49 S.W.3d 356, 365
(Tex. Crim. App. 2001) (holding that supplementation rules cannot be used to
create a new appellate record); see also Amador v. State, 221 S.W.3d
666, 674–77 (Tex. Crim. App. 2007).  We also deny as moot the State’s
request to supplement appendix A to its amended brief because the proffered
document is already part of the appellate record.





[19]Appellant
did not attempt to post bond on the local charges, and we do not speculate on
how an attempt to do so would have affected the process.





[20]A
document in the clerk’s record dated March 17, 2011, contains (1) a sheriff
deputy’s request that a fugitive from justice warrant be issued for Appellant
pursuant to articles 51.03 and 51.04 of the code of criminal procedure and (2)
a magistrate’s determination of probable cause to issue the warrant.  See
Tex. Code Crim. Proc. Ann. arts. 51.03, .04 (West 2006).  Appellant
acknowledges on appeal that he was “taken before the Judge” on March 17, 2011.





[21]Article
51.13, sections 15 and 17 provide a thirty-day commitment period to obtain the
Governor’s warrant, which period can be renewed for another sixty days.  See
Tex. Code Crim. Proc. Ann. art. 51.13, §§ 15, 17; see also Lanz, 815
S.W.2d at 253.





[22]Appellant
requested that we supplement the record with a certified receipt signed by an
employee of the District Clerk’s office to show that the Clerk’s office
received his application.  Because we do not have jurisdiction over this
subissue, we deny this request as moot.  We note that Appellant also
attached several other documents to his reply brief without specifically
requesting that they become part of the appellate record.  We did not
consider these documents, and we deny as moot any arguable request to include
them as part of the record.





[23]Generally,
a district judge receiving a habeas petition “shall appoint a time when he will
examine the cause of the applicant, and issue the writ returnable at that
time”; “[t]he time so appointed shall be the earliest day which the judge can
devote to hearing the cause of the applicant.”  See Tex. Code Crim.
Proc. Ann. arts. 11.05 (West 2005), .10, .11, .15 (West 2005).





[24]While
as a general rule, a district court receiving a habeas petition “shall” issue
the writ (as opposed to granting relief) “without delay,” a district court can
properly refuse to issue the writ if “it be manifest from the petition itself,
or some documents annexed to it, that the party is entitled to no relief
whatever.”  See id. arts. 11.05, .15.  In this regard,
the State argues on appeal that Appellant’s pro se preconviction October 2010
habeas petition was premature because he was being lawfully held pursuant to
local charges at that time.





[25]The
same substantive complaint was raised in subsequent applications that were
addressed by the trial court at the extradition hearing.





[26]Appellant
had previously filed a pro se writ application in the trial court on April 5,
2011.  The Denton County Clerk did not file the application but instead
sent Appellant a form letter stating, “If you were intending on filing an 11.07
Application for Writ of Habeas Corpus, it will need to be on the proper form. 
If you do not have access to the form we can provide you with one.” 
Appellant then requested from the clerk “the forms necessary to properly file
an Application for Writ of Habeas Corpus, in accordance with Texas Code and
Criminal Procedure Article 51.13 Section 10, Uniform Criminal Extradition
Act.”  It appears from Appellant’s subsequent filing that the clerk sent
him the 11.07 writ application form.





[27]The
appellate rules require that an 11.07 postconviction writ application be made
in the form prescribed by the court of criminal appeals.  See Tex.
R. App. P. 73.1(a).





[28]Appellant
raised the following grounds: (1) “Governor’s Warrant has not been issued
before the 90 days allowed for issuance,” (2) “It is a Fifth Amendment
Violation to use Relator’s Identity to link him to an Escape,” (3) “Relator has
been rendered Ineffective Assistance of Counsel in Extradition Proceedings,”
(4) “No lawful Extradition can take place, being that, Relator was released by
Demanding State and did not Escape,” (5) “Trial Court erred in holding that
Trial Court could only rule on whether Relator is in fact the person so charged
in Extradition Proceedings,” (6) “Failure to afford Relator his Right to be
fully heard was prejudicial,” (7) “Denton County Sheriff’s Department
erroneously placed Hold on Relator,” and (8) “Extradition papers are not in
compliance with law.”





[29]One
of the proposed conclusions of law included,

Because [Appellant’s] issues raised in
his application for postconviction relief do not stem from either a misdemeanor
or felony conviction, but rather from his continued incarceration pursuant to a
Governor’s Warrant for extradition, an application for postconviction writ of
habeas corpus before the Texas Court of Criminal Appeals is an improper venue
for recourse, and [Appellant] should proceed on his motion for habeas relief
[filed by appointed counsel] on May 31, 2011.





[30]To
perfect an appeal, a defendant in a criminal case must file a notice of appeal
“within 30 days after . . . the day the trial court enters an appealable
order.”  Id.  (emphasis added).





[31]See
Ex parte Caldwell, 58 S.W.3d 127, 130 (Tex. Crim. App. 2000) (“[I]t is
the substance of the motion that governs, not the title.”).





[32]Indeed,
the trial court instructed (via its conclusions in support of its order) that
Appellant should proceed on his application for habeas relief filed by
appointed counsel.





[33]In
fact, the application filed by Appellant’s appointed counsel contained
Appellant’s declaration, which stated that Appellant “read the foregoing
document to be filed on [his] behalf, entitled ‘Original Application for
Pre-Conviction Writ of Habeas Corpus.’”





[34]We
deny Appellant’s motion to abate and remand these appellate cause numbers for a
“full and fair hearing.”