Mark Collin **LANZ**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 08–91–00110–CR.

Court of Appeals of Texas, El Paso.

July 3, 1991.

David C. Guaderrama, El Paso County Public Defender, El Paso, for appellant.

Steve W. Simmons, Dist. Atty. of El Paso County, El Paso, for appellee.

Before FULLER, WOODARD and KOEHLER, JJ.

OPINION

KOEHLER, Justice.

This is an appeal from the trial court's order denying a writ of habeas corpus filed to contest the Appellant's confinement pursuant to a fugitive warrant. We reverse the trial court's denial of the writ.

In the Appellant's sole Point of Error, he asserts the court erred in denying relief under the writ application for the reason that the State failed to sustain its burden of demonstrating a lawful basis for the Appellant's continued detention. The Appellant was arrested on November 24, 1990 on a charge of burglary of habitation. He was also served with a fugitive warrant which was issued pursuant to a teletype communication from the state of Arkansas alleging the Appellant has escaped from a county jail. The fugitive warrant was dismissed two days later and a "detainer" was placed on the Appellant pending the disposition of the local charges. The Appellant filed a writ of habeas corpus and a hearing was held on the writ on the 27th and 28th days of March, 1991.

The evidence adduced at the hearing revealed that the Appellant had not been indicted for the burglary offense and a governor's warrant had not been requested. Donald Marshall, a sergeant with the El Paso County Sheriff's Department, testified that a detainer is a local form placed in an inmate's file by the sheriff's department. This form serves as a reminder to the booking officers that there is an outstanding charge against an inmate in the event he is released upon the charge that is holding him in the jail. The detainer is an administrative notation of the sheriff's office and is not presented to a magistrate for judicial oversight. On March 27, 1991, the sheriff's department issued another fugitive warrant based on the same communication from the state of Arkansas. The court placed the Appellant on a personal recognizance bond with regard to the burglary of habitation charge pursuant to Tex. Code Crim.Pro.Ann. art. 17.151 (Vernon Supp.1991) which provides for a defendant's release from jail due to delay. The hearing was continued to the next day and the court then denied the Appellant's writ of habeas corpus with regard to his contentions concerning the fugitive warrant. It is from this denial that the Appellant appeals.

The Appellant contends that he is wrongfully incarcerated pursuant to Tex.Code Crim.Pro.Ann. arts. 51.05, 51.07 and 51.13 §§ 15 and 17 (Vernon 1979). Article 51.05 outlines the procedure to be utilized in the issuance of a fugitive warrant and provides that an individual arrested pursuant to such a warrant shall not be committed or held to bail for a longer time than ninety days. Article 51.07 states that a fugitive who is not arrested under a warrant from the governor of this state before the expiration of ninety days from the date of his commitment shall be discharged. Article 51.13 §§ 15 and 17 provide a thirty day commitment period to obtain the governor's warrant which period can renewed for another sixty days.

The Appellant argues that, as the Appellant at the time of the hearing was held in jail for a period well in excess of ninety days, he should have been discharged in accordance with the above-mentioned articles. The Appellant cites *Ex parte Steel*, 155 Tex.Crim. 93, 230 S.W.2d 233 (1950) and Tex.Code Crim.Pro.Ann. art. 51.13 § 15 (Vernon 1979) in support of his contentions. *Ex parte Steel* held that, absent the issuance of a governor's warrant, an individual held under a fugitive warrant is to be discharged upon the expiration of the ninety day period. Section 15 provides:

If from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged and except in cases arising under Section 6, that he has fled from justice, the judge or magistrate must, by warrant reciting the accusation, commit him to the county jail for such time not exceeding thirty days and specified in the warrant, as will enable the arrest of the accused to be made under a warrant of the Governor on a requisition of the Executive Authori-

ty of the State having jurisdiction of the offense, unless the accused give bail as provided in the next section, or until he shall be discharged.

The Appellant asserts that this language mandatorily directs the magistrate to either commit the individual to bail, discharge him or commit him to jail for the applicable periods. The Appellant argues that there is no statutory authorization for a magistrate, after having committed a prospective extradictee to jail, to dismiss the warrant and authorize continued detention under a detainer or other unilateral action of a law enforcement agency thereby obviating the requirements of the extradition statute.

The State contends, essentially, that the dismissal of the first fugitive warrant voided the running of the ninety day time period and this time period started running again upon the issuance of the second fugitive warrant. The State cites Tex.Code Crim.Pro.Ann. art. 51.13 § 21 (Vernon 1979) in support of this contention. That section provides:

> The governor may recall his warrant of the arrest or may issue another warrant whenever he deems proper. Each warrant issued by the Governor shall expire and be of no force and effect when not executed within one year from the date thereof.

The State reasons that this section grants authority for the dismissal and subsequent re-issuance of a fugitive warrant causing the ninety day period to begin anew. If the State's position was adopted, it would then have the means to obviate the statutory requirements of the extradition statute. Its position is unsound. First, the above-quoted section clearly applies to governor's warrants and not fugitive warrants. Secondly, abuses might well arise if the ninety day commitment period could be renewed by the mere dismissal of a fugitive warrant and its subsequent reissuance. While it could well be another matter if the demanding state's communication is held in abeyance and a detainer is lodged notifying the local law enforcement authority of the state's request, the State's position clearly

flies in the face of the mandatory admonishments of the above-quoted statutes, especially Article 51.07 which states that a person "shall be discharged" if not arrested under a governor's warrant within ninety days. Under the particular facts of this case, the Appellant should have been released pursuant to his writ of habeas corpus.

Notwithstanding the above discussion, we note that ninety days have now expired since the issuance of the second fugitive warrant. On this ground alone, the Appellant should be released from custody of the fugitive warrant unless, of course, the governor's warrant has in the meantime been served on him.

The order of the court denying the writ of habeas corpus is reversed and it is hereby ordered that the Appellant be released from custody.